### Eliza M. Fisher et al. v. Jane G. Patterson.

1. STOLEN PROPERTY—*Disposition of, in Courts of Equity.*—A court of equity will not always require one in the possession of stolen property to surrender it to its true owner, and when the disposition of such property comes into a court of equity it will be disposed of in accordance with equitable principles.

**Bill for Relief.**—Appeal from the Superior Court of Cook County; the Hon. Arthur H. Chetlain, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed December 24, 1901.

John J. Symes, attorney for appellants.

Jesse A. & Henry R. Baldwin, attorneys for appellee.

Mr. Justice Waterman delivered the opinion of the court.

From the bill filed in this cause, it appears that October 10, 1892, one Aldrin, being indebted in the sum of $1,200, to Eliza M. Fisher, appellant, conveyed in trust to Benjamin R. DeYoung, appellant, lots 19, 20, 21, 22, 23 and 24, in block 1, in a certain Britton's subdivision, to secure the payment of said indebtedness; that thereafter a foreclosure of said trust deed was had under decree in which the premises were sold for the entire amount of the indebtedness and the interest and expenses of said foreclosure, to said Eliza M. Fisher, and that thereafter, under said sale, she received a master's deed, June 15, 1897, which was recorded June 16th of the same year; that by said deed dated April 10, 1898, recorded April 30th, said Eliza M. Fisher conveyed to said Benjamin R. DeYoung, the premises acquired by her under a master's deed as aforesaid, and that in part payment thereof said DeYoung, who is now the owner of said real property, made a trust deed to Miles Almy to secure the payment of a portion of the purchase money, namely, $1,200, due to said Eliza M. Fisher. The bill further alleges that at the time of the conveyance by Chas. R. Aldrin to said DeYoung of the said premises in trust to secure the indebtedness of Aldrin to Eliza M. Fisher, there was on lot 20 of said premises, a frame house one and one-half stories high, containing about six rooms and valued at about $1,500; that said house was on said premises at the time of the foreclosure and passed by the deed thereunder made to Eliza M. Fisher; that up to some time in the month of March, 1897, said house continued to be upon lot 20 of said premises; that some time in the month of May, 1897, DeYoung for the first time ascertained that this house had

been moved from its location on lot 20, on and to lot 25 and lot 26, in block 1, in Britton's said subdivision, being about 200 feet from its former location on lot 20; that lots 25 and 26 were no part of the premises conveyed to De-Young by the Aldrin trust deed, nor by any of the transfers heretofore mentioned, and that neither Eliza M. Fisher, nor DeYoung have or claim any right or title in or to said lots 25 and 26, or either of them, except as they are now seeking to enforce their equitable rights by virtue of the wrongful removal of the house from lot 20 to lots 25 and 26.

The bill further sets forth on information and belief that lots 25 and 26 were at the time the house was moved on and attached to them as aforesaid, owned by one Henry H. Hayes, and that after the house was moved as aforesaid, it was raised and another story built thereunder, the whole structure being now attached and situated upon a part of each of lots 25 and 26; that the removal of the house was without the knowledge or consent of Eliza M. Fisher or DeYoung; that when DeYoung first became aware that the house had been moved, it was in the occupation of one Hans Andreason, who paid rent therefor to the owner of lots 25 and 26, and who has continued to occupy the house, so far as complainants know, up to the present time; that the house is permanently attached to the soil of its present location and was so when Eliza M. Fisher and DeYoung first became aware of its removal, and that the removal thereof was wholly wrongful, unlawful and felonious as against Eliza M. Fisher, and constituted a great impairment and depreciation in the value of lots 19 to 24 inclusive, aforesaid, and also constituted a great and serious impairment in the security which Eliza M. Fisher had under the trust deed made by Aldrin as aforesaid.

The bill further alleges that Eliza M. Fisher does not know nor does DeYoung, notwithstanding the making of strenuous efforts on their part, who removed or directed the removal of said house; that lots 25 and 26 are now owned, as appears of record, by one Jane G. Patterson, and that said removal has resulted in an increase in and accession to

the value of lots 25 and 26, and a corresponding loss in the value of lot 20.

The bill prays that Jane G. Patterson be required to return said house to its former and rightful location on lot 20, or that in lieu thereof, an accounting may be had for the value of the house when so attached to lot 20, at the time of its removal therefrom, and of the value of the rentals thereof since its removal; and that Jane G. Patterson may be directed to pay to complainants such sum of money as shall be found to be due and owing from her under such accounting; and that a lien in the nature of a mortgage may be declared by the court in favor of the complainants or some of them, upon lots 25 and 26, for the value of said house at the time of its removal and the rentals thereof since it was moved as aforesaid.

The bill also sets forth that whatever money may be received under this decree will be applied to the extent thereof in reduction of the indebtedness placed upon lots 19 to 24 aforesaid, by said DeYoung, to secure his indebtedness to Eliza M. Fisher, and the balance, if any there be, will belong to said DeYoung. A demurrer to the bill was sustained and the bill dismissed, from which order of dismissal this appeal is prosecuted.

The original bill in this cause was filed December 7, 1899; the amended bill, being a complete restatement, was filed January 24, 1900. The house appears to have been moved some time between March and May, 1897. The defendant does not appear to have had any connection whatever with the removal or to have been in any way or wise responsible therefor.

The bill charges that one Hayes was the owner of lots 25 and 26 at the time of the removal, and, so far as appears, the defendant Patterson purchased and paid for lots 25 and 26, with the house thereon, in good faith, without knowledge or notice of any right of complainants or either of them, in or to said house, and in the full belief and understanding that it equitably, rightfully and lawfully constituted a part of the premises known as lots 25 and 26. Under these cir-

cumstances we do not see how any case is made by the bill for charging the defendant with the value of this house, or requiring her to replace the same on lot 20. It may be, as appellants contend, that if this is not done, they will have lost their house; it will have been stolen from them without their having any remedy therefor; but it does not follow that the loss which they have sustained must be saddled upon the defendant. She is as innocent of the wrong-doing as are they. Had they proceeded so soon as they ascertained that the house had been removed, it may be that she would never have purchased said lots 25 and 26. While it is true, as against the true owner no title can be acquired to stolen property, it does not follow that a court of equity will always require one in possession of stolen property to surrender it to its true owner. Such a matter, having come into a court of equity, will be disposed of in accordance with equitable principles.

The question presented is not at all what it would be if the defendant were Hayes, who was the owner of lots 25 and 26 at the time the house was moved thereon; he, perhaps, would be required to permit the removal thereof or to account for its value, although he had had nothing to do with its being placed where it now is. The bill does not show that Jane G. Patterson has gained anything by the wrongful removal of this house; on the contrary, so far as appears, she, while entirely innocent, would, if compelled to account for the value of the house at the time it was moved, be subjected to great loss. All thefts result in a loss to some one. The bill shows a case of great hardship and the decree sought by appellants would show a case of equal hardship with a change of parties.

The decree of the Superior Court is affirmed.